**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MORRIS T. BURNEY,

        Petitioner,

v.                                        Case No. 3:14-cv-860-J-32JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

## I.  Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition) and a Memorandum in Support of the Petition (Doc. 2) (Memorandum). He challenges a 1988 state court (Duval County, Florida) judgment of conviction for murder and kidnapping, for which he is serving life imprisonment. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 14) (Motion).[1] Petitioner filed a Reply to State's Motion to Dismiss (Doc. 17) (Reply). The case is ripe for review.[2]

---

[1] The Court cites to the exhibits attached to the Motion (Doc. 14-1) as "Ex."

[2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28

U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

### III. Analysis[3]

There is no dispute that Petitioner's conviction in this case became final before AEDPA's effective date (April 24, 1996). Thus, he had until April 24, 1997 to file a federal habeas corpus petition. Between the effective date of AEDPA and the expiration of the one-year limitations period, Petitioner did not have any properly filed post-conviction motions or other requests for collateral relief pending. Thus, Petitioner's deadline to file a federal habeas petition expired on April 24, 1997, without the filing of any motions that would toll that time. While Petitioner filed motions after the expiration of the one-year limitations period, such filings did not toll the limitations period because the period had already expired. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled

---

   [3] Respondents detail the procedural history in the Motion at 2-5. Because there is no dispute that Petitioner's conviction became final before AEDPA's effective date, the Court will not repeat the procedural history here.

to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. State of Fla. Dep't of Corr., - - - F.3d - - -, 2017 WL 727547, at *3 (11th Cir. Feb. 24, 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Id. (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner does not contend that he is entitled to equitable tolling. See Reply at 2 ("Petitioner is not seeking equitable tolling."). Rather, he argues that because the trial court lacked subject matter jurisdiction, his conviction is unconstitutional and he should be immediately released. See id. at 2-5. Though he states that he does not seek equitable tolling, after reviewing the file, the Court finds that he is not entitled to it. He does not allege

4

that he was diligently pursuing his rights or that an extraordinary circumstance stood in his way.[4]

To the extent Petitioner argues that he is actually innocent, the Court finds that he has not stated a colorable claim of actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt"). Petitioner has not offered any new or credible evidence to sustain an assertion of actual innocence.

Moreover, his argument that the trial court did not have subject matter jurisdiction and thus his judgment is void is a claim of legal innocence not factual innocence. See Rozzelle, 672 F.3d at 1013 (recognizing that "[a]ctual innocence means factual innocence, not mere legal insufficiency" (quotations and citations omitted)); see generally Jones v. Warden, - - -

---

[4] Petitioner's state court docket reflects no activity between December 1992 (mandate from the appellate court) and July 2009 (a request for documents). Petitioner filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) in April 2010 (Ex. 13), approximately 13 years after the one-year limitations period expired.

F. App'x - - -, 2017 WL 1149094, at *2 (11th Cir. Mar. 28, 2017) (finding a petitioner's "argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner"). Petitioner's argument is also without merit.[5]

Upon review of the record, the Court finds that Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, this case will be dismissed with prejudice as untimely.

Accordingly, it is

**ORDERED:**

1.     The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

2.     The Clerk shall enter judgment dismissing the Petition with prejudice and close the file.

3.     If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not

---

[5] Petitioner asserts that the trial court lacked subject matter jurisdiction because the statutes under which he was convicted did not contain enacting clauses. See Petition at 5; Reply at 2-5. Petitioner's assertion is inaccurate. See Ch. 87-243, § 6, pp. 1626, 1636, Laws of Florida; Ch. 77-174, pp. 719, 886, Laws of Florida.

[6] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 28th day of April, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 4/26
c:
Morris T. Burney, #113345
Counsel of Record

---

constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.